David BUSBY, Petitioner,

v.

William C. HOLMAN, Warden,
Respondent.

Civ. A. No. 2106-N.

United States District Court
M. D. Alabama, N. D.

Oct. 29, 1964.

Thomas S. Lawson, Jr., of Steiner, Crum & Baker, Montgomery, Ala., for petitioner, Busby.

Richmond M. Flowers, Atty. Gen. of Alabama, and John C. Tyson, III, Asst. Atty. Gen. of Alabama, Montgomery, Ala., for respondent, Holman.

JOHNSON, District Judge.

The petitioner Busby, by order of this Court made and entered in this case on August 5, 1964, files in forma pauperis his application for a writ of habeas corpus. On August 10, 1964, this Court, upon the request of petitioner, appointed the Honorable Thomas S. Lawson, Attorney at Law, Montgomery, Alabama, to represent petitioner upon this proceeding.

Busby alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. His basic complaint is that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Walker County, Alabama, in 1956, during which year he was prosecuted and convicted in said court for the offense of rape; upon his conviction and on August 20, 1956, he was sentenced to the State penitentiary for life. The petitioner is presently serving the life sentence as imposed.

As required by the order of this Court, William C. Holman, Warden, Kilby Prison, Montgomery, Alabama, appeared in

this cause through his attorney, the Attorney General for the State of Alabama, by filing a return and answer to Busby's petition. This return and answer was filed with this Court on August 22, 1964. As a part of the return and answer of the respondent Holman, a motion to dismiss the petition for a writ of habeas corpus was presented. This Court by order made and entered on August 25, 1964, determined and held that the matter was not to be disposed of on the motion to dismiss, but that a plenary hearing was to be conducted. A pretrial hearing was held in this matter on September 11, 1964, and, as reflected by the pretrial order of this Court made and entered on said date, it was determined and held that the petitioner Busby had exhausted the remedies available to him in the courts of the State of Alabama, as required by Title 28, § 2254, United States Code. Upon the pretrial hearing, it was determined that the inquiry to be conducted by this Court would be upon the following issues: [1]

(1) As to whether or not Busby was forced to enter a plea of guilty in the Circuit Court of Walker County, Alabama, on August 20, 1956, to the charge of forcibly ravishing Gertrude Hogland, a woman, upon which plea he was on August 20, 1956, imprisoned in a penitentiary of the State of Alabama for life. It is understood that this contention on the part of the petitioner includes threats by the circuit solicitor and the court-appointed attorney, the obtaining by the State for the prosecution of a coerced confession, and the totality of the circumstances surrounding his arrest and incarceration.

(2) As to whether Busby was denied the effective assistance of counsel in the case resulting in his prosecution,

conviction and present incarceration by the State of Alabama.

Upon this submission, this Court specifically finds that on January 9, 1956, a complaint was duly made before an authorized officer of Walker County, Alabama, against Busby for the offense he was subsequently convicted of, and, upon said complaint, a warrant was issued for his arrest; that on January 27, 1956, extradition proceedings were initiated designed to return Busby from the State of Michigan; that on January 28, 1956, Busby was indicted by a grand jury reporting to the Circuit Court of Walker County, Alabama; and that on March 14, 1956, Busby was returned from Michigan to the State of Alabama to stand trial on the offense as set out in the indictment.[2] The evidence reflects that while returning to Alabama in the custody of two deputy sheriffs from Walker County, Alabama, Busby denied his guilt in a casual conversation with said deputies. He was not interrogated and not mistreated or abused or threatened during this journey. The evidence further reflects that shortly after Busby's return from the State of Michigan to Walker County, Alabama, he, while lodged in the Walker County Jail at Jasper, Alabama, was interrogated by the circuit solicitor and two deputy sheriffs. He was questioned for approximately one hour by the circuit solicitor in the presence of these deputy sheriffs. The interrogation was terminated, and shortly thereafter, while drinking coffee in the kitchen of the jail with one of the jailers, Blanton Bennett, Busby advised Bennett that he desired to tell the circuit solicitor exactly what had happened in connection with the offenses for which he was then charged. The circuit solicitor was recalled to the jail and Busby related in narrative form, with very little questioning on the part of

---

1. The pretrial order reflects a third issue concerning the question of whether Busby was denied by the State of Alabama an appropriate appellate review from the denial by the Circuit Court of Walker County, Alabama, of his error

coram nobis petition. This issue, however, was withdrawn by Busby and his counsel during the trial of this case.

2. Busby was also indicted by this same grand jury for robbery, but, as later set out herein, this indictment was dismissed.

the solicitor, the facts that form the basis for the confession Busby now says was made involuntarily. The facts as related at this time by Busby were taken down by the solicitor and reveal that Busby confessed fully his guilt to both charges. This Court specifically finds from the credible evidence that at no time material to this case was Busby threatened or mistreated in any way by the circuit solicitor, by either of the deputy sheriffs, or any other official of the State of Alabama, in order to elicit from him a confession of his guilt. As a matter of fact, Busby was specifically advised by the circuit solicitor that he was not required to make any statement concerning the matter. At no time prior to or during his interrogation did Busby make any request for an attorney. According to the evidence in this case, Busby was in full possession of his mental faculties prior to and during this interrogation and was not a novice to criminal procedures. This Court specifically finds that this "confession" as made by Busby to the Walker County officials was voluntary on Busby's part and his failure to have counsel at this time was not a violation of any of his constitutional rights. In this connection, see the very recent case of Long v. United States (D.C.Cir. 1964), 338 F.2d 549.

Shortly after Busby returned to Walker County from the State of Michigan and upon the request of members of Busby's family, the circuit solicitor of Walker County, Alabama, requested one of the circuit judges of Walker County, Alabama, to commit Busby to the State of Alabama mental hospital for examination as to his sanity. On May 7, 1956, such an order was entered. Busby remained in the Alabama mental hospital at Tuscaloosa, Alabama, until July 14, 1956. On this date, he was returned to the Walker County authorities; at the same time a report was filed by the mental hospital with the Walker County Court, finding him mentally competent. Prior to Busby's commitment to the Alabama mental hospital, the Walker County Court appointed the Honorable V. H.

Carmichael, Attorney at Law, to represent Busby in his case. Attorney Carmichael agreed as to the proceedings followed in connection with the mental examination. On July 24, 1956, Busby was duly arraigned and served with a copy of the indictment. Upon this arraignment, a plea of not guilty was entered. Subsequent to his arraignment and prior to August 7, 1956, Busby's attorney, with the full knowledge and consent of Busby, worked out an agreement with the circuit solicitor whereby Busby was to withdraw his plea of not guilty, enter a plea of guilty to the offense of rape, and the circuit solicitor would not ask for the death penalty, but, instead, would recommend to the court and jury that he receive a life sentence. As a further consideration on the part of the State of Alabama, acting through the circuit solicitor of Walker County, Alabama, another serious offense, then pending against Busby in Walker County, Alabama, by an indictment for the offense of robbery, was to be dismissed. Pursuant to this arrangement and on August 7, 1956, Busby executed a formal waiver of a special venire and agreed to enter a plea of guilty to the charge of rape. This was done before the Honorable Roy Mayhall, one of the circuit judges of Walker County, Alabama. At the time of the execution of this waiver and agreement, Judge Mayhall interrogated Busby as to his willingness to follow such a procedure and, after this interrogation, Judge Mayhall was convinced that Busby was acting voluntarily, intelligently, and with full knowledge of the consequences. On August 20, 1956, Busby, in open court, formally withdrew his plea of not guilty, entered a plea of guilty, and testimony was taken before a jury to establish a prima facie case— such a procedure being required by the laws of the State of Alabama. The recommendation of the circuit solicitor was made known to the jury, and the jury, following this recommendation, sentenced Busby to life imprisonment. Pursuant to the agreement, the robbery charge was subsequently dismissed.

As to Busby's contention that he was denied the effective assistance of counsel, this Court specifically finds and concludes that he was at all times during which he was entitled to counsel, afforded competent and effective assistance of counsel to represent him in his criminal cases. V. H. Carmichael did, according to all the evidence in this case, conscientiously and competently discharge his duties to Busby. Considering all of the attendant circumstances and the charges then pending against Busby, this representation was effective. As to his contention that he was forced to enter a plea of guilty in the Circuit Court of Walker County, Alabama, on August 20, 1956, this Court specifically finds and concludes from the credible evidence in this case that the agreement preceding his plea of guilty was made with Busby's full understanding and consent and was made on Busby's behalf and in his interest by Busby and his counsel with the prosecuting authority for Walker County, Alabama. In this connection, this Court further finds and concludes that the "confession" as made by Busby to the officials of Walker County, Alabama, was voluntarily made and given without any threats or promises or coercion of any kind on the part of the county and State officials. According to the evidence in this case, the availability of this "confession" by the Walker County officials had nothing to do with Busby's entering his plea of guilty. The undisputed evidence reflects that there was ample testimony to sustain the prosecution without the use of the "confession."

This Court concludes that there was no violation of Busby's constitutional rights in connection with his prosecution and sentence in the Circuit Court of Walker County, Alabama, which prosecution and sentence resulted in his present incarceration by the State of Alabama. As to every aspect of the proceeding, petitioner Busby received substantial justice. There is nothing in this case, as reflected by the evidence, "offensive to the common and fundamental ideas of fairness" within the meaning of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; there was no denial of fundamental fairness within the meaning of Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, or any of the other cases of the Supreme Court of the United States which relate to substantial justice and fundamental fairness in the prosecution of defendants in the courts of the various states of this country.

In consideration of the foregoing, it is the order, judgment and decree of this Court that the petition for a writ of habeas corpus, filed herein by leave of this Court in forma pauperis by petitioner David Busby on August 5, 1964, be and the same is hereby denied.

It is further ordered that petitioner Busby's petiti... for a writ of habeas corpus be and the same is hereby dismissed.

It is the further order, judgment and decree of this Court that David Busby be and he is hereby remanded to the custody of the State of Alabama.